IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY DESHAUN JOHNSON, 1333983, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-2100-G |
| | ) | ECF |
| BENNY DONNEL HANDLEY, ET AL. | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Nature of the Case:**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Institutional Division. He brings this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. Defendants are Dallas Fire Department Officers Benny Donnel Handley and Quinn M. Huntley.

**II. Statement of the Case:**

Plaintiff states that on December 7, 2004, he was arrested for aggravated assault. At the time of his arrest, he states a TXU Energy truck backed over him and caused him injuries. Dallas Fire Department Officers Handley and Huntley responded to the scene. He states he informed the officers that he was in pain, but they determined that he did not need medical treatment. Plaintiff alleges Defendants violated his constitutional rights when they did not seek medical treatment for him. Plaintiff seeks money damages.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

**III.  Preliminary Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds Plaintiff's claims should be dismissed as frivolous.

**IV.  Discussion**

For an inmate to establish a § 1983 claim of deliberate indifference to a serious medical need, he must allege a deprivation of medical care sufficiently serious to show that the state has abdicated a constitutionally-required responsibility to attend to his medical needs, and that the officials knew of and disregarded an excessive risk to prisoner health or safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The deliberate indifference must rise to a level of unnecessary and wanton infliction of pain proscribed by the Eight Amendment. *Id*. at 835-47. Negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action, and a prisoner's disagreement with medical treatment is insufficient to

establish deliberate indifference.  *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *see also Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (finding disagreement as to the correct medical treatment does not constitute an actionable civil rights claim).

In this case, Plaintiff states he received a diagnosis or treatment for his injury in December, 2005 – a year after his arrest.  (Compl. Ex. A).  Plaintiff does not allege that he sought treatment earlier while incarcerated.  (Magistrate Judge's Questionnaire, Answers No. 5-7).  Delay in providing medical care does not give rise to a constitutional violation unless the deliberate indifference of the medical staff results in substantial harm.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  The December 2005 doctor's report states that Plaintiff had "mild degenerative changes" in his knees, left elbow and spine.  There is no evidence that any injury in December 2004, caused the mild degenerative changes found in December 2005.  Further, the degenerative changes were "mild," and do not show substantial harm.  Plaintiff has failed to show that Defendants were deliberately indifferent to a serious medical need.  Plaintiff's claims should be dismissed as frivolous.

## RECOMMENDATION

The Court recommends that Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed this 5th day of March, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).